IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

IN RE:

MYRA RUTH REED

                DEBTOR.        CASE NO. : 09-50379-LMK
                                        Chapter 11
_____/

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY OF
11 U.S.C. §362 BY ANNABELLAS ASSET MANAGEMENT, LLC**

NOW INTO COURT, through undersigned counsel, comes ANNABELLAS ASSET MANAGEMENT, LLC ("Asset Management"), a secured creditor, and requests that this Court grant this Motion For Relief from the Automatic Stay (the "Motion"), so Asset Management can proceed against the Myra Reed, a Debtor in Possession (the "Debtor"), in the pending state court litigation, in order to confirm the balance remaining under the outstanding, perfected final judgment in favor of Asset Management.

1) On June 8, 2009, MYRA REED (the "Debtor") filed this bankruptcy case under Chapter 11 of Title 11 of the United States Bankruptcy Code.

2) This Motion seeks relief from the automatic stay of 11 U.S.C. § 362(a) and as such constitutes a "contested matter" pursuant to Rules 4001(a)(1) and 9014 of the Federal Bankruptcy Rules of Procedure. This is a "core proceeding" as provided in 28 U.S.C. § 157(b)(2)(G); 1334.

3) Asset Management has a secured claim pending against the Debtor due to a Final Judgment rendered against Annabella's, LLC, the Debtor and five other guarantors, on a $13,000,000 loan which was extended for the construction of certain townhouses located on real property located in Bay County, Florida (the "Property"). The final judgment was rendered in an action identified as Case No. 07-4044-CA (the "Final Judgment"), in the Circuit Court for Bay County, Florida (the "State Court Litigation").

4) Via the Final Judgment rendered on March 6, 2009, the Debtor and six (6) other defendants, were jointly and severally liable for debt in the outstanding amount of $8,980,945.57. The Final Judgment has been recorded, and thereby perfected, as follows:

    a. Final Judgment recorded on March 10, 2009 in Official Records Book 3135, Page 1825 of the public records of Bay County, Florida; and

    b. Final Judgment recorded on March 13, 2009 in Official Records Book 2812, Page 2790 of the public records of Walton County, Florida; and

    c. Final Judgment recorded on March 13, 2009 at Official Records Book 809, Page 36 of the public records of Washington County; and

    d. Judgment Lien Certificate filed with the Florida Secretary of State on March 12, 2009, file number J09000831957.

5) The Final Judgment also held that Asset Management was entitled to foreclose on the Property which secured the debt.

6) On April 6, 2009, the Property was sold at a foreclosure sale, and Asset Management determined that the fair market value of the Property was $2,870,000. Asset Management also provided notice to all other defendants of its assessment regarding the fair market value of the Property, but not a single defendant provided any other opinion regarding the value of the Property on the date of the foreclosure sale. Accordingly, based on a credit of $2,870,000 applied as of April 6, 2009, the outstanding balance due as of the date the Debtor filed her petition in bankruptcy was $6,337,812.70.

7) Pursuant to Florida law, the balance due under the Final Judgment should be credited with the fair market value of the Property on the date of the foreclosure sale. Even though Asset Management has concluded that the fair market value of the Property was $2,870,000, the Debtor has consistently refused to provide any opinion regarding the fair market value of the Property as of the date of the foreclosure sale.[1] Likewise, the Debtor's schedules do not include any deduction for the fair market value of the Property, and merely list the original

---

[1] In the State Court Litigation, the Debtor failed to respond to discovery, which required the Debtor to specify her opinion regarding the fair market value of the Property. She has continued to refuse to produce any opinion regarding the fair market value of the Property on the date of the foreclosure sale.

amount which was set forth in the Final Judgment.

8) On or about May 21, 2009, prior to the Debtor filing her petition in bankruptcy, the Debtor filed a Motion for Determination of Deficiency Judgment (the "State Court Motion") and requested a stay, so Asset Management was prevented from executing upon the Final Judgment until a determination was made of the fair market value of the Property. *See Exhibit "A" attached hereto.* Another defendant, Michael Reed, filed a similar motion.

9) Prior to the Debtor filing her petition in bankruptcy, the Debtor's counsel agreed that the hearing on the State Court Motion would be held on September 11, 2009. Because the State Court Motion has been pending since May 21, 2009, the Debtor's counsel should be prepared to proceed with the State Court Motion, without any prejudice to the Debtor.

10) The automatic stay should be lifted and/or modified to allow for the final ruling in the State Court Litigation, regarding the fair market value of the Property. Otherwise, the fair market value of the Property will need to be determined by this Bankruptcy Court, and it will involve many of the allegations previously asserted in the State Court Litigation.

11) Inconsistent results, and duplicative efforts, will result if the value of the Property is not determined in the State Court Litigation. For example, if the State Court determined the value of the Property to be one amount, and this Bankruptcy Court reached a different conclusion, then the Debtor's claims against the co-guarantors for contribution would be inconsistent.

12) Lifting of the stay to prevent multiplicity among the Debtor and the non-bankrupt defendants is justifiable and warranted. *See In re Marvin Johnson's Auto Service, Inc.*, 192 B.R. 1008, 1013 (Bankr. N.D. Ala. 1996) (principles of judicial economy require that without good reason, judicial resources should not be spent by duplicitous litigation, so a lawsuit should only be tried once if one forum with jurisdiction over all parties is available to dispose of all issues); *In re Davis*, 91 B.R. 470, 471 (Bankr. N.D. Ill. 1988) (since the cause was about to be tried in state court, usurpation of that function by the bankruptcy court would be wasteful and

duplicative).

13)   On July 13, 2009, counsel for Asset Management requested that Debtor's counsel consent to the lifting of the stay, so the State Court Motion could proceed. Because the Debtor (via her counsel) has not yet replied to this request, Asset Management is filing this Motion, seeking relief from the stay, so the State Court can determine the fair market value of the Property.

14)   Neither the Debtor nor any other creditors will be prejudiced by the pending litigation.

15)   Asset Management is not seeking any relief to execute on the Final Judgment, but is merely seeking the right to complete the pending State Court Litigation, to avoid duplicative and inconsistent results.

WHEREFORE, the Creditor moves this Court for an order modifying, terminating or conditioning the stay of 11 U.S.C. § 362 to permit the Creditor to continue and conclude the State Court Litigation, so the State Court can determine the fair value of the Property.

Dated this 20th day of July, 2009.

CARVER, DARDEN, KORETZKY, TESSIER, FINN, BLOSSMAN & AREAUX, LLC

/s/ Linda A. Hoffman
Linda A. Hoffman,
Florida Bar No.: 0500800
Robert S. Rushing, Esquire
Florida Bar No.: 0013946
801 West Romana Street, Suite A
Pensacola, Florida 32502
Telephone: (850) 266-2300
hoffman@carverdarden.com
rushing@carverdarden.com
Attorneys for ANNABELLAS ASSET MANAGEMENT, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion has been provided to Mark Freund, Igler & Dougherty, PA, Attorney for Debtor, 500 North Westshore Blvd., Suit 1010, Tampa, FL 33609 and to Charles F. Edwards, U. S. Trustee, U. S. Bankruptcy Court, 110 East Park Avenue, Suite 128, Tallahassee, FL, 32301 via the CM/ECF electronic court system and also via email this 20th day of July, 2009.

CARVER, DARDEN, KORETZKY, TESSIER, FINN, BLOSSMAN & AREAUX, LLC

/s/ Linda A. Hoffman
Linda A. Hoffman,
Florida Bar No.: 0500800
801 West Romana Street, Suite A
Pensacola, Florida 32502
Telephone: (850) 266-2300
hoffman@carverdarden.com
Attorneys for ANNABELLAS ASSET MANAGEMENT, LLC