UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

IN RE:

MYRA RUTH REED,                                                              Chapter 11

                Debtor(s)                                           No.  09-50379
_____/

## ORDER ON MOTION TO DISMISS

THIS CASE came on for an evidentiary hearing on September 8, 2009, on the motion of Annabella's Asset Management, Inc. (Asset Management) to dismiss this Chapter 11 case as a bad faith filing.  Having considered the evidence presented, the docket of this case, and having observed the demeanor of the witnesses, I find that this case was filed in bad faith and it will be dismissed.

The Debtor and Debtor-in-Possession, Myra Reed, filed this case on June 8, 2009.  The Debtor is a practicing physician who owns a significant amount of income producing and investment real estate.  According to her Form B22(b), Chapter 11 Statement of Current Monthly Income, she receives $15,000.00 per month in wages, $35,000.00 per month of net income from the rental of real property, and $8,200.00 per month child support,  for a total current monthly net income of $58,200.00.  Her  schedules reflect ownership of eight parcels of real property with a stated value of $6,175,000.00.  These values are based on today's depressed real estate market.  Included in her real property holdings are her homestead valued at $650,000.00 and an unencumbered vacant lot worth $1,000,000.00.  Her real property is encumbered by mortgages totaling $3,605,876.00.  She has scheduled personal property with value in excess of $3,000,000.00.

The problem giving rise to this case arose when the Debtor, her former husband, Michael Reed, and four other individuals guaranteed a $13,000,000.00 loan made by Regions Bank to

Annabellas, LLC. The loan went into default and Regions Bank filed a lawsuit to enforce the note and guarantees and to foreclose on the town homes which were given as security for the loan. The Debtor denied liability under her guarantee and filed a counterclaim against the Plaintiff in state court. The Debtor's defenses to the state court litigation were denied, the counterclaim was dismissed with prejudice, and on March 6, 2009, the state court entered a judgment in the amount of $8,980,945.57 against the Debtor and her co-defendants and foreclosed the mortgages on the properties. Prior to the entry of the final judgment, Regions Bank sold and assigned the loan to Asset Management and, with the stipulation of all parties, Asset Management was substituted as the Plaintiff in the action. On April 6, 2009, the town homes were sold at a foreclosure sale. Asset Management determined the fair market value of the town homes to be $2,870,000.00 and credited this amount against the final judgment thus reducing its claim in this case to $6,377,812.70. Although Asset Management had requested the Debtor to provide her opinion regarding the value of the town homes for purposes of credit against the judgment, she refused to do so. Upon the entry of the final judgment, Asset Management recorded a copy of the final judgment with the Clerk of the Court of Bay County, Florida, thus creating a lien upon all non-exempt property of the Debtor located in that county. This recordation took place on March 10, 2009, eighty-eight (88) days prior to the filing of this case.

    On May 21, 2009, the Debtor and co-defendant Michael Reed, filed a Motion for Determination of Deficiency Judgment and requested a stay to prevent Asset Management from executing upon its final judgment until a determination was made of the fair market value of the property sold. Prior to filing her bankruptcy petition, Debtor's counsel agreed that the hearing on the state court motion to determine deficiency would be held on September 11, 2009. This bankruptcy case

intervened and stayed further proceedings with respect to the Debtor. During the pendency of this case Asset Management filed a Motion for Relief from Stay to enable it to go forward on September 11, 2009, for determination of the final deficiency based on the value of the property sold. The Debtor objected to the motion asserting, in essence, that this Court was the proper court to make the determination as to the deficiency. The Debtor further made it clear that she intended to use the resources of this Court to attempt to re-litigate the final judgment entered by the state court and to assert various equitable defenses which she feels that she has against the final judgment entered by the state court. She has also filed an objection to Asset Management's claim asserting numerous defenses that could be and should have been properly raised in the state court action. She has filed an adversary proceeding seeking to avoid the judgment lien of Asset Management as a preference under 11 U.S.C. § 547 and to have this Court determine the amount of Asset Management's claim based on the defenses she could have raised in the state court action. In her testimony at the hearing, the Debtor conceded that the sole purpose of her filing this case was to avoid the Asset Management judgment and to hopefully reduce or eliminate it. However, she did not appeal the final state court judgment. On August 6, 2009, the state court entered an order as to co-defendant Michael Reed denying the stay of execution and rejecting his efforts to raise the same defenses that the Debtor is attempting to raise in this case.

     Asset Management's argument is that where the Debtor's reorganization is essentially a two party dispute which can be resolved outside of the bankruptcy court and the purpose of the filing is to frustrate a creditor's remedies, the petition should be held to be not filed in good faith. The Debtor's position is that because Asset Management immediately recorded its judgment lien against the Debtor and her properties, the Debtor could not post an appellate bond to prevent execution of

the judgment against her investment properties and that she had no assets which she could pledge to obtain a surety bond. Accordingly, she selected this Court as a forum for resolution of her disputes with Asset Management.

While lack of good faith is not specifically enumerated as an example of "cause" for dismissal of a Chapter 11 case pursuant to 11 U.S.C. § 1112(b), it has been clearly established that a debtor's lack of good faith may constitute cause for dismissal of a Chapter 11 petition. *In re Albany Partners, Ltd.*, 749 F.2d 670 (11th Cir. 1984). In determining whether a bankruptcy case has been filed in bad faith "the courts may consider any factors which evidence 'an intent to abuse the judicial process and the purposes of the reorganization provisions' or, in particular, factors which evidence that the petition was filed to 'delay or frustrate the legitimate efforts of secured creditors to enforce their rights.'" *In re Phoenix Picadilly*, 849 F. 2d 1393,1394 (11th Cir. 1988) (citing *Albany Partners* at 674). A factor which has also been identified as an indicator of bad faith is when the case is filed to resolve a two-party dispute in the bankruptcy court when litigation is still pending in a non-bankruptcy forum. *In re Serfass*, 325 B.R. 901 (Bankr. M.D. Fla. 2005). In *Serfass*, Judge Paskay could have been thinking about this case when he set forth a list of "hallmarks" of a bad faith filing as follows:

> The hallmarks of bad faith in filing a Petition are: (1) pre-petition litigation already pending in the state court between the parties; (2) it is basically a two party dispute; (3) the debtor is either solvent or it has very few unsecured debts which the debtor is able to meet; (4) the petition is filed for an improper purpose; (5) there is no need for reorganization and the filing was for the sole purpose to use the judicial resources of the bankruptcy court, most likely under the assumption that the debtor will receive a more favorable treatment in the bankruptcy court than it had in the state court, and (6) there is no ability or sincere desire to reorganize the financial affairs of the debtor.

*Id*, at 905.

The "hallmarks" of bad faith as set out in *Serfass* are all present in this case. The Debtor was engaged in state court litigation with Asset Management which was not going her way. As shown by the actions she has taken in this court, she is attempting to re-litigate the issues on which she had lost in the state court. Her unsecured debts as scheduled total $7,879.00 exclusive of the Asset Management claim. With respect to the mortgages on her real estate holdings, she has entered into an adequate protection agreement with the mortgagee to make a lump sum payment of $79,306.67 to presumably bring the loans current and to thereafter pay the regular monthly payments totaling $30,932.29. If the Debtor was to be successful in her efforts in this court to defeat the claim of Asset Management, her financial problems would totally disappear. Notwithstanding her attorneys argument at the hearing that it is the Debtor's intent to abide by the state court determination of the deficiency claim (this Court lifted the automatic stay to permit that determination) and to provide for its payment in full, it is obvious from the adversary proceeding she has filed and her objection to Asset Management's claim that her intent is not to pay the claim but to use this Court as a forum to re-litigate the claim. This is bad faith. Accordingly, it is hereby,

ORDERED AND ADJUDGED that this case is DISMISSED

DONE AND ORDERED at Tallahassee, Florida, this 17th day of September, 2009.

_____
LEWIS M. KILLIAN, JR.
Bankruptcy Judge